"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY BENEFIELD,<br>Guardian Ad Litem for J.B.<br><br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. ED CV 05-687 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff on behalf of her minor son J.B, is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying J.B.'s claim for supplemental security income childhood disability benefits ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

J.B. was born on December 21, 1995. [Administrative Record ("AR") at 11, 71.] On April 24, 2002, Plaintiff applied for SSI on behalf of J.B., alleging an onset date of February 15, 2002, due to a learning disability. [AR at 11, 71-73.] The Social Security

1 Administration denied this application initially, on reconsideration, and after an
2 administrative hearing before Administrative Law Judge Helen E. Hesse. [AR at 24-32,
3 35-38, 195-217.] On January 29, 2004, the Appeals Council vacated the hearing decision
4 and remanded the case for further proceedings. [AR at 56-57.] A second administrative
5 hearing was held on September 13, 2004. [AR at 218-37.] In a decision dated October
6 13, 2004, Administrative Law Judge F. Keith Varni ("ALJ Varni") found J.B. not
7 disabled. [AR at 10-16, 218-37.] The Appeals Council denied review. [AR at 3-5.]
8 Therefore, ALJ Varni's decision became the final decision of the Commissioner. [AR
9 at 3.] Plaintiff then commenced this action for judicial review.

10 Plaintiff has stipulated that ALJ Varni's decision fairly and accurately summarizes
11 the hearing testimony and medical evidence in the record except as noted in her
12 contentions. In the JS, Plaintiff asserts that ALJ Varni erred by: (1) failing to give proper
13 consideration to the Global Assessment of Functioning ("GAF")[1] score assessed by
14 Plaintiff's treating physician, Lina Shuhaibar, M.D.; (2) improperly rejecting the opinion
15 of the consultative psychiatrist, LaJa Ibraheem, M.D.; and (3) failing to properly develop
16 the record by ordering additional mental testing. The Commissioner disagrees.

17 After reviewing the parties' respective contentions and the record as a whole, the
18 Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed
19 by the Commissioner in her portions of the JS and the following reasons.

20 **1. GAF Assessment**

21 Dr. Shuhaibar began treating J.B. in March 2003. [AR at 178-81.] At that time,
22 Dr. Shuhaibar diagnosed J.B. with a learning disorder NOS, borderline intellectual
23 functioning, rule out autistic disorder, rule out attention deficit hyperactivity disorder
24 NOS, rule out mental retardation, enuresis (bed wetting), and encopresis (fecal

---

[1] The GAF scale is a "hypothetical continuum of mental health-illness" used to determine "psychological, social, and occupational functioning." Diagnostic and Statistical Manual of Mental Disorders (4th ed.) ("DSM-IV") at 32. The GAF scale goes from 0-90.

1 incontinence). [AR at 181.] Dr. Shuhaibar also assessed J.B. with a GAF score of 40.[2/]
2 [AR at 181.] While ALJ Varni did not specify a reason for rejecting the GAF score
3 assessed by Dr. Shuhaibar, he had no obligation to do so. *See, e.g., Howard v.*
4 *Commissioner of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)(finding that ALJ did not
5 err by failing to reference claimant's GAF scores). The GAF scores were intended to be
6 used to make treatment decisions. *See* DSM-IV at 32. Neither the Social Security
7 regulations nor case law require an ALJ to determine the extent of an individual's
8 disability based solely on his GAF score. *See Vincent v. Heckler*, 739 F.2d 1393, 1395
9 (9th Cir. 1984)(the ALJ need only explain why "significant probative evidence has been
10 rejected"). Moreover, by August 2003, Dr. Shuhaibar reported that J.B. was doing well
11 on medication. [AR at 12, 194.] J.B. displayed no signs of hyperactivity and appeared
12 calm, quiet and cooperative. [AR at 12, 194.] Thus, even if ALJ Varni erred by failing
13 to address the initial GAF score, any error was harmless. *See Curry v. Sullivan*, 925 F.2d
14 1127, 1131 (9th Cir. 1991)(harmless error rule applies to review of administrative
15 decisions regarding disability).

16 **2.     Consultative Psychiatrist's Opinion**

17 Plaintiff contends that ALJ Varni erred by rejecting the findings and opinion of one
18 of the consultative examiners, Laja Ibraheem, M.D. [JS at 6-8, 11-12.] In June 2002, Dr.
19 Ibraheem conducted a complete psychiatric evaluation of J.B. [AR at 132-36.] Dr.
20 Ibraheem diagnosed Plaintiff with a learning disorder, NOS and rule out mental
21 retardation. [AR at 135.] Dr. Ibraheem assessed J.B. with a GAF score of 60.[3/] [AR at
22 135.] Dr. Ibraheem noted that J.B. displayed "an impaired ability to understand and/or
23 respond in an age-appropriate manner to instructions and questions," "showed a marked

---

[2/]    A GAF score of 31 to 40 indicates some impairment in reality testing or communication or major impairment in several areas such as work, family relations, and judgment. DSM-IV at 32.

[3/]    A GAF score of 51-60 indicates moderate symptoms or moderate difficulty with social and occupational functioning. DSM-IV at 32.

impairment in age-appropriate cognitive functioning," and "demonstrated some difficulties in maintaining concentration and persistence." [AR at 135.] ALJ Varni rejected Dr. Ibraheem's opinion because it was inconsistent with the other medical evidence. [AR at 13.] In particular, ALJ Varni noted that Dr. Ibraheem's conclusion that J.B. had a "marked impairment" in cognitive functioning was rebutted by the findings of consultative psychologist, John Ayvazian, Ph.D., who assessed J.B. with no functional limitations after administering a complete psychological evaluation. [AR at 13, 151-54.] Because Dr. Ayvazian's opinion was based on independent clinical findings, ALJ Varni was allowed to resolve the conflict between medical opinions of equal weight and credit Dr. Ayvazian's opinion over the findings of Dr. Ibraheem. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *see Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002)("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."); *Andrews*, 53 F.3d at 1041; (requiring specific and legitimate reasons for rejection of treating physician only when the conflicting opinion of a non-treating physician is not based on independent clinical findings); *see Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir. 1999)(same). Further, ALJ Varni noted that Dr. Ibraheem's opinion was contradicted by the findings of the non-examining state agency medical consultant. [AR at 12-13, 156-61]; *Morgan*, 169 F.3d at 602 (explaining that the rejection of the opinion of an examining or treating physician may be based in part on the testimony of a nontreating, non-examining medical advisor, when consistent with other independent evidence in the record). Accordingly, Plaintiff is not entitled to remand on this claim.

### 3. Failure to Develop the Record

Plaintiff contends that ALJ Varni failed to carry out his duty to fully develop the record regarding J.B.'s mental impairment by failing to order additional psychological testing. In particular, Plaintiff notes that Dr. Ibraheem found that J.B. "would benefit from standardized neuropsychological assessments to further evaluate his degree of cognitive impairment." [JS at 12-15; AR at 135.] While an ALJ does have a duty to fully

develop the record, *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991), this duty is only triggered when the record presents ambiguous or inadequate evidence to allow the ALJ to reach a decision. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The record in this case provides sufficient evidence to support ALJ Varni's determination that J.B. was not disabled. As discussed above, ALJ Varni properly relied on the opinion of Dr. Ayvazian in evaluating J.B.'s mental impairment. [AR at 151-54.] In addition to reviewing J.B.'s developmental, medical, school, family, and social history, Dr. Ayvazian administered a mental status examination and a variety of other psychological tests (*i.e.,* the Bender-Gestalt test, Rey 15 Item test, Wechsler Intelligence Scale for Children III, and the Wide Range Achievement Test III). [AR at 152-54.] Plaintiff does not indicate why these tests were inadequate to assess J.B.'s cognitive impairment. That Dr. Ibraheem's opinion conflicted with Dr. Ayvazian's findings does not render the record incomplete. Accordingly, the Court finds that ALJ Varni did not err in failing to request additional testing.

## II. CONCLUSION

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: August 16, 2006        /s/ Arthur Nakazato
                              ARTHUR NAKAZATO
                              UNITED STATES MAGISTRATE JUDGE